[No. 12174.   Department Two.   December 11, 1914.]

THE STATE OF WASHINGTON, *Appellant*, v. W. P. STANLEY, *etc., Respondent.*[1]

PHYSICIANS AND SURGEONS — LICENSE TO PRACTICE — CRIMINAL PROSECUTION—STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 8401, providing that every person filing or attempting to file for record a certificate of license to practice medicine issued to another, falsely claiming himself to be the person named therein or entitled to the same, shall be guilty of a felony, an information charging that the defendant was falsely claiming to be the person named in and entitled to a certain filed certificate which named another as the person entitled thereto, is insufficient; since it is a necessary ingredient of the offense to file or attempt to file the certificate for record, the false claims in respect thereto not being alone sufficient, especially in view of Id., § 8389, making such false claims, under certain circumstances, only a misdemeanor instead of a felony.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered March 21, 1914, upon a trial dismissing a prosecution for violating the statutes relating to the filing of certificates entitling physicians to practice medicine, upon sustaining a demurrer to the information. Affirmed.

*John F. Murphy* and *Thomas J. L. Kennedy*, for appellant.

*John F. Dore* and *Robert Welch*, for respondent.

FULLERTON, J.—The statutes of the state of Washington regulating the practice of medicine and surgery, or the curative art in any of its forms, require an intending practitioner to procure from the board of medical examiners, created by the act, a certificate authorizing him so to do. The statutes

[1]Reported in 144 Pac. 689.

further provide that the holder of the certificate, under the penalty of being guilty of a misdemeanor, must have the certificate recorded in the office of the county clerk of the county in which he intends to practice prior to entering upon such practice. Other provisions of the act make it a misdemeanor for any person to practice, attempt to practice, or hold himself out as entitled to practice medicine and surgery, osteopathy, or any other system or mode of treating the sick or afflicted, without having, at the time of so doing, a valid unrevoked certificate as provided by the act. Section 15 of the Laws of 1909, p. 687 (Rem. & Bal. Code, § 8401) provides:

"Every person filing for record, or attempting to file for record, the certificate issued to another, falsely claiming himself to be the person named in such certificate, or falsely claiming himself to be the person entitled to the same, shall be guilty of a felony, and, upon conviction thereof, shall be subject to such penalties as are provided by the laws of this state for the crime of forgery."

On March 14, 1914, the prosecuting attorney of King county filed an information in the superior court of that county purporting to charge the respondent with a violation of the section of act quoted. The information reads as follows:

"In the Superior Court of the State of Washington for King County.

State of Washington, Plaintiff,

v.                                       No. 6896.

W. P. Stanley, alias H. K. Lum           Information
alias Richard Loom, Defendant.

"I, John F. Murphy, prosecuting attorney in and for the county of King, state of Washington, come now here in the name of and by the authority of the state of Washington, and by this information do accuse W. P. Stanley alias H. K. Lum alias Richard Loom of the crime of false representation as to identity and ownership of certificate of physician, committed as follows, to wit:

. "He, said W. P. Stanley alias H. K. Lum alias Richard Loom, in the county of King, state of Washington, on the 19th day of February, 1914, did then and there wilfully, unlawfully, falsely and feloniously claim himself to be the person named in and did falsely claim himself to be the person entitled to that certain license and certificate theretofore issued to one H. K. Lum and duly and regularly filed by him, which said license and certificate authorized and licensed said II. K. Lum to practice medicine within the state of Washington, the said license and certificate being in words and figures as follows, to wit:

No. 591.          State Medical Examining Board,
                    State of Washington.

This certifies, That the Medical Examining Board of the State of Washington, hereby authorize and license H. K. Lum, M. D. of the county of Snohomish, state of Washington, under the provisions of the act to regulate the Practice of Medicine in the state of Washington, Approved April 10th, 1890, to pursue the practice of medicine in this state under the conditions of said act.

Given under the hands and seal of the Medical Examining Board of the state of Washington, this 28th day of Jany., 1901.

                    P. B. Swearinger, President,
(Seal)              W. G. Tucker, M. D., Secretary.

"Whereas, in truth and in fact, the said W. P. Stanley alias H. K. Lum alias Richard Loom, was not the person named in said certificate and was not the person entitled to the same; but on the contrary, was a person by the name of W. P. Stanley, separate and distinct from the real H. K. Lum, and was not entitled or qualified to practice medicine under the said certificate or any certificate, all of which things he, the said W. P. Stanley alias H. K. Lum alias Richard Loom, then and there well knew:

"Contrary to the statute in such case made and provided and against the peace and dignity of the state of Washington.          John F. Murphy, Prosecuting Attorney."

After arraignment, and when called upon to plead to the information, the respondent demurred thereto on the ground that the facts stated did not constitute a crime. The court sustained the demurrer, and the state refusing to plead further, entered judgment dismissing the action. The state appeals.

In the information, it will be observed, the respondent is not charged with filing for record, or attempting to file for record a certificate issued to another, falsely claiming himself to be the person named therein, or falsely claiming to be the person entitled to the same, but is charged merely with falsely claiming himself to be the person named in such a certificate and falsely claiming to be the person entitled to the same, omitting the element of filing for record, or attempting to file for record. It was on this ground that the trial judge held the information insufficient. He held that the act of filing for record, or attempting to file for record, the certificate, was a necessary ingredient of the offense defined by this section of the statute, and that the information in order to state a crime thereunder must so charge.

The state contends in this court that this construction of the statute is erroneous. To use the language of its learned counsel, the statute "sets out three disjunctive alternative propositions namely: 1st. Every person filing for record (or attempting to file for record) the certificate issued to another, shall be guilty of a felony; 2d. Every person falsely claiming to be the person named in such certificate (i. e. belonging to another), shall be guilty of a felony; 3d. Every person falsely claiming himself to be the person entitled to the same, shall be guilty of a felony."

We are, however, constrained to adopt the construction of the trial judge. We think the act of filing for record, or attempting to file for record, a necessary ingredient of the offense. In other words, it is an offense within the meaning of the statute, for any person to file for record, or attempt to file for record the certificate issued to another, falsely claiming himself to be the person named in the certificate; or to file for record, or attempt to file for record, the certificate issued to another, falsely claiming himself to be the person entitled to the same. But that to make the false claims without filing or attempting to file the certificate for record,

does not constitute the felony described in this section of the statute.

This construction is borne out we think by § 4 of the act (Rem. & Bal. Code, § 8389). It is therein provided that:

"It shall be the duty of every holder of a license from the state board of medical examiners to exhibit his or her license to any resident of this state who may request to see the same, and any person refusing or failing so to do, or who shall exhibit any such license as his or her own, in response to such request, when such license has not been issued to him or her, shall be guilty of a misdemeanor."

Clearly to exhibit a certificate to another as one's own is falsely claiming to be the person named therein, and falsely claiming to be the person entitled to the same, and it is not to be supposed that the legislature would in one section of an act declare a specific false claim to be a misdemeanor, and in another section of the same act declare a similar false claim to be a felony.

The judgment is affirmed.

CROW, C. J., MOUNT, MAIN, and ELLIS, JJ., concur.